ROGERS, A TAXPAYER, v. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF CITY OF CINCINNATI.

*Taxation—Increasing levies beyond maximum rate—Notice of election directory—Section 5649-5a, General Code, and 109 O. L., 307—Election and levy not invalidated by notice, when—Computation of levy after authorization.*

1. The notice provided for in Section 5649-5a, General Code, and Section 2 of the Taft Law, passed April 29, 1921 (109 O. L., 307), relative to an election on the question of increasing tax levies, is directory, but not jurisdictional, as far as the election and levy are concerned.

2. The publication of a legal notice, prepared by a board of education, notifying the public that a vote would be taken authorizing a tax levy of one-half mill beyond eighteen mills, the limitation under the law for all and school purposes, which notice was framed under the act of April 29, 1921 (109 O. L., 307), which permits electors to vote such a levy, does not invalidate the election or proceedings, although the eighteen mills limitation had not been exhausted and would not be by the levy of the one-half mill, where the additional levy was voted for by a majority of the electors, who, as shown by the evidence, were not misled by such notice.

3. In such case the levy should be automatically computed under Section 5649-4, General Code, and consume whatever is left of the three-mill limitation so authorized, and not be computed as an additional levy beyond all limitations under the Taft law (109 O. L., 307), the latter being authority to levy only when all other limitations have been exhausted.

(Decided February 27, 1923.)

APPEAL: Court of Appeals for Hamilton county.

*Messrs. Crosley & Rogers,* for plaintiff.

*Mr. L. L. Forchheimer,* assistant city solicitor, for Board of Education.

*Mr. Charles S. Bell,* prosecuting attorney, and *Mr. Chester S. Durr,* assistant prosecuting attorney, for Auditor and Treasurer of Hamilton county.

BUCHWALTER, J.   This case is heard on appeal from the court of common pleas of Hamilton county.   Plaintiff, as a taxpayer, seeks to enjoin the defendants, the Auditor and Treasurer of Hamilton county, from collecting or attempting to collect an extra school tax levy of one-half mill on the tax duplicate of the City School District of the City of Cincinnati.   Plaintiff contends that under the facts as set forth in the petition it was necessary that the question voted upon by the electors, to-wit, the right to levy an extra tax of one-half mill, receive sixty per cent. of the vote cast under and by virtue of an Act of the General Assembly of Ohio, passed April 29, 1921 (109 O. L., 307), otherwise known as the Taft law.   The sufficiency of this petition was challenged by demurrer, which was overruled.

An answer was filed, and a reply thereto.

Plaintiff moved for judgment on the pleadings.

In view of the allegations of the answer, hereinafter referred to, and the general denial contained in the reply, the motion for judgment on the pleadings will be overruled.

The court heard evidence on the following allegation of the answer, to-wit:

Defendants allege that the taxing authorities of the City School District of the City of Cincinnati, Hamilton County, Ohio, have levied for local school purposes, authorized by vote of the electors under the provisions of Sections 5649-5 and 5649-5*a*, Gen-

eral Code, taxes, irrespective of any of the limitations of Part Second, Title I, Chapter 12, of the General Code of Ohio, in the amount of 1 and 25/100 mills in and for the year 1920; that there was no levy for school purposes authorized by a vote of the electors in that district in and for the year 1921.

Defendants further allege that the aggregate of all levies, authorized by a vote of the electors, and made by the taxing authorities of such City School District, for local school purposes of the district, beginning with and including the year 1920, and ending with, and including the year 1922, under and by virtue of Sections 5649-5, 5649-5a and 5649-5b of the General Code, and under and by virtue of the provisions of an act passed by the General Assembly April 29, 1921, approved May 14, 1921, and filed in the office of the Secretary of State on May 17, 1921, entitled "An act to provide temporary financial relief for local taxing districts, by authorizing tax levies beyond the limitations fixed by law, under certain conditions," including the one-half mill levy authorized by the electors and made by the taxing authorities in the year 1922, the legality of which is attacked in this suit, does not exceed three mills, as provided for by Section 5649-4, General Code, or Section 4 of the act passed by the General Assembly April 29, 1921, more particularly described above.

The court heard the evidence, over objection of plaintiff, which conclusively established the facts alleged.

The case is here on its merits. The question is, Is the proceeding by the Board, the election and the levy thereunder, authorized by the General Code of Ohio?

Section 5649-5, General Code, is the section which provides for elections for extra tax levies within the limitations therein provided. The pertinent parts of that section are as follows:

"The county commissioners * * * the council of any municipal corporation * * * or any board of education may, at any time, by a majority vote of all the members elected or appointed thereto, declare by resolution that the amount of taxes that may be raised by the levy of taxes at the maximum rate authorized by sections 5649-2 and 5649-3 of the General Code as herein enacted within its taxing district, will be insufficient and that it is expedient to levy taxes at a rate, in excess of such rate, and cause a copy of such resolution to be certified to the deputy state supervisors of the proper county. Such resolution shall specify the amount of such proposed increase of rate above the maximum rate of taxation and the number of years not exceeding five during which such increased rate may be continued to be levied."

Pursuant to the authorization under this section, the Board of Education of the City School District of the City of Cincinnati passed the following resolution:

### "A Resolution

"Declaring the necessity of levying taxes in the City School District of the City of Cincinnati in excess of the limit provided in Sections 5649-2, 5649-3*a* and 5649-5*b* of the General Code of Ohio, and providing for the submission of said question for the approval of the electors.

"*Whereas*, The Annual Budget for the year 1923, adopted by the Board of Education of the City School District of the City of Cincinnati,

Ohio, represented the minimum amount upon which the schools of said district can be efficiently administered; and,

"*Whereas,* The amount of taxes that may be raised by the levy of taxes allowed by the Budget Commissioners, and at the maximum rate authorized by Sections 5649-2, 5649-3*a* and 5649-5*b* of the General Code of Ohio, within the taxing district of said school district will be insufficient to provide funds to properly carry on the activities of said The Board of Education of the City School District of the City of Cincinnati, Ohio; now, therefore, be it

"*Resolved,* By The Board of Education of the City School District of the City of Cincinnati, Ohio (two-thirds of all the members elected thereto concurring):

"Section 1. That The Board of Education of the City School District of the City of Cincinnati, Ohio, hereby declares that the amount of taxes that may be raised by the levy of taxes at the combined maximum rate authorized by Section 5649-5*b* of the General Code of Ohio, and within all other limitations imposed by law on tax rates within the taxing district of said The Board of Education of the City School District of the City of Cincinnati, will be insufficient, and that it is expedient to levy taxes in excess of such limitations in the year 1922; and that it is and will be expedient and necessary to levy taxes at the rate of one-half (½) mill on each dollar of the tax valuation of the taxable property of said school district in excess of said combined maximum rate authorized by Section 5649-5*b* of the General Code, and within all other limitations imposed by law

on tax rates within the City School District of the City of Cincinnati; and that such additional rate of one-half (½) mill is necessary to be levied for such year 1922 for the following purposes, to-wit: the local school purposes of said City School District of the City of Cincinnati.

"Section 2. That a copy of this resolution be certified to the Deputy State Supervisors and Inspectors of Elections of Hamilton County, Ohio, in order that said Supervisors may make the necessary arrangements for submitting the question of such additional levy to the electors of the City School District of the City of Cincinnati, as required by law at the general election to be held in said City School District on the 7th day of November, 1922."

This resolution and the election under it was authorized by Sections 5649-2 to 5649-5*b*, inclusive, General Code of Ohio, and within the limitations of Section 5649-4, which provides:

"For the emergencies mentioned * * * and lor local school purposes authorized by a vote of the electors under the provisions of Sections 5649-5 and 5649-5*a* of the General Code, to the extent of three mills for such school purposes * * *."

Pursuant to the resolution, the Board of Education authorized the publication of a notice. The following notice was duly published:

"LEGAL NOTICE.

"Notice is hereby given that, pursuant to a resolution passed by the Board of Education of the City School District of the City of Cincinnati on the 25th day of September, 1922, there will be submitted to the qualified electors of the City School District of the City of Cincinnati, at the general

election to be held in said City School District on Tuesday the 7th day of November, 1922, between the hours of 5:30 a. m. and 5:30 p. m.; at the regular voting places of said City School District, the question of increasing the levy of taxes in said City School District by levying, in addition to the maximum rate authorized by Sections 5649-2, 5649-3*a* and 5649-5*b* of the General Code of Ohio, taxes at the rate of one-half (½) mill on each dollar of the tax valuation of the taxable property in said City School District.

"Said increased taxes are levied under authority of an Act of the General Assembly, passed April 29, 1921, 'To provide temporary financial relief for local taxing districts by authorizing tax levies beyond the limitations fixed by law, under certain conditions,' and are to be levied for local school purposes of said City School District, and are to be levied for one year, to-wit: the year 1922.

"Those who vote in favor of said additional tax levy shall have written or printed on their ballots the words 'For removing from tax limitations a tax levy of one-half (½) mill of the City School District of the City of Cincinnati for the period of one year.' Yes.

"Those who vote against the same shall have written or printed on their ballots the words: 'For removing from tax limitations a tax levy of one-half (½) mill of the City School District of the City of Cincinnati, for the period of one year.' No.

"In the event the above proposition receives sixty (60) per cent. of those voting thereon, the number of mills which may be levied under Section 3 of an Act of the General Assembly, passed

April 29, 1921, entitled: 'To provide temporary financial relief for local taxing districts by authorizing tax levies beyond the limitations fixed by law, under certain conditions,' is one-half (½) mill.

"In the event the above proposition receives a majority only of those voting thereon, and fails to receive sixty (60) per cent. of those voting thereon, the number of mills which may be levied under Section 4 of the Act of the General Assembly, passed April 29, 1921, entitled: 'To provide temporary financial relief for local taxing districts by authorizing tax levies beyond the limitations fixed by law, under certain conditions,' is four hundredths (.04) mills.

"By order of the Board of Education of the City School District of the City of Cincinnati, dated at Cincinnati, Ohio, this 25th day of September, 1922."

It is claimed and argued by counsel that the whole proceeding to levy one-half (½) mill is invalidated by reason of the recital in the following paragraphs of the notice, and the failure of the measure to receive sixty (60) per cent. of the vote cast:

"In the event the above proposition receives sixty (60) per cent. of those voting thereon, the number of mills which may be levied under Section 3 of an Act of the General Assembly, passed April 29, 1921, entitled: 'To provide temporary financial relief for local taxing districts by authorizing tax levies beyond the limitations fixed by law, under certain conditions,' is one-half (½) mill.

"In the event the above proposition receives a

majority only of those voting thereon and fails to receive sixty (60) per cent. of those voting there-on, the number of mills which may be levied under Section 4 of the Act of the General Assembly, passed April 29, 1921, entitled: 'To provide temporary financial relief for local taxing districts by authorizing tax levies beyond the limitations fixed by law, under certain conditions,' is four hundredths (.04) mills.''

These paragraphs of the legal notice were framed under what is known as the Taft law (109 O. L., 307). Neither Section 2 of said Taft law nor Section 5649-5a of the General Code, which sections provide for the notice to be given, directs that the notice shall be given by the Board of Education. In fact the whole purport of both sections is that the Board of Elections shall have charge of the notice and other matters pertaining to the election. The resolution is jurisdictional and must be passed before any election may be had. The notice is directory, but is not jurisdictional as far as the election and levy are concerned. The Taft law was enacted for the purpose of permitting the voters of a municipality or school district to authorize a levy of taxes beyond all other limitations provided by law. The General Code contains three limitations. 1. For general taxes, without a vote of the electors, ten mills. 2. For general taxation, including taxes for school purposes, by vote of the electors, five additional mills. 3. For local school purposes, when authorized by a majority vote, three additional mills. In other words, the limitation of tax levies under the law, other than the Taft law, for all and school purposes, was eighteen (18) mills. The Taft law

(109 O. L., 307) was framed to permit the electors to levy taxes beyond eighteen (18) mills.

The paragraphs of the legal notice, above quoted, notified the public that a vote would be taken, authorizing a levy beyond eighteen mills.

The facts are, as developed by the answer and the evidence, that the eighteen-mill limitation, referred to, had not been exhausted, and would not be exhausted by the levy of one-half (½) mill. The majority of the electors of the school district, having voted under this legal notice for one-half (½) mill beyond the eighteen mills, could not have been misled to their injury by the legal notice, in view of the fact that the one-half (½) mill, asked for under this resolution, and notice given as stated, brought the levy well within the three-mill limitation authorized by the majority vote of the people.

As we read the statute, the Taft law can only be invoked when all other limitations have been exhausted, or some part of the levy will carry it beyond all limitations provided by law. It would follow, therefore, that if the Taft law is, as we view it, authority to levy only when all other limitations have been exhausted, and sixty (60) per cent. or more of the voters have voted in favor of this levy, the levy should be automatically computed under Section 5649-4, and consume whatever is left of the three-mill limitation, so authorized, and not be construed as an additional levy beyond all limitations, under the Taft law. No claim is made nor could be made that the resolution and notice are insufficient to warrant the holding of an election for a one-half mill levy.

The most that could be said for the contention

of plaintiff is that if the electors were misled, they were misled to their advantage. The petition does not allege that any of the electors were misled. The fact that under the legal notice they thought they were voting for a greater tax levy than the record in fact shows cannot be held to defeat the action of over 23,000 more than a majority of the electors, when the resolution sought to submit to the electors a question of the levy within the three mills, and the legal notice advised the voters that it was beyond the three-mill limitation.

The statute provides the form of the ballot. Pursuant thereto, the following ballot was submitted:

SPECIAL ELECTION.

On the Question of

Increasing the Tax Levy in the City of Cincinnati School District, Hamilton County, Ohio.

Tuesday, November 7, 1922.

"For an additional levy of taxes for the purpose of providing funds in excess of the amount that may be raised at the maximum rate authorized by Sections 5649-2, 5649-3*a* and 5649-5*b*, not exceeding one-half ($\frac{1}{2}$) mill for not to exceed one year."

|  | YES.

"For an additional levy of taxes for the purpose of providing funds in excess of the amount that may be raised at the maximum rate authorized by Sections 5649-2, 5649-3*a* and 5649-5*b*, not exceeding one-half ($\frac{1}{2}$) mill for not to exceed one year."

|  | NO.

This is the form of ballot prescribed for an election under Sections 5649-4 and 5649-5*a*. It was not the form of ballot required for submission

of the question of an extra levy under the Taft law.

The law is that in construing statutes all sections should be so construed as to give effect, if possible, to each.

This rule leads to the conclusion that the Taft law could not be called into effect until all other limitations had been exhausted. It follows that had the election been held under the Taft law, and the three-mill limitation had not been exhausted, the levy automatically would revert to, and be computed under, the law authorizing the three-mill limitation.

Moreover, under the terms of the resolution and the provisions of the statute, a mere recital in the notice, not necessary to the legality of the proceedings, could not be held to invalidate the levy, when approved under the law by the vote of the people.

Something is claimed for the correspondence between the City Solicitor and the Board of Education, and the statement in the notice, that under a certain percentage of the vote a certain levy might be invoked, and under another percentage another amount, ostensibly to cover some of the provisions of the Taft law. Such correspondence is no part of the legal proceeding, and the recitals in the notice, being unnecessary, would not invalidate the levy unless the electors were misled to their injury.

The legal effect of an election and levy is determined by the provisions of the law, and not by any construction placed upon them in correspondence, or by declaration, on the part of a board or city officer.

The Board of Education by resolution determined the necessity for a one-half mill levy. On

election held, more than a majority of the electors approved that levy, which was within the three-mill limitation of Section 5649-4, General Code.

The notice of the election, complained of, is not fatal to the validity of the election where knowledge of its approach and of the question to be passed upon was general throughout the school district, where a comparatively full vote was cast, and where it does not appear that by the mere irregularity in the notice any elector was misled to his disadvantage.

"Election laws are to be construed liberally so as to preserve, if possible, and not defeat the choice of the people as expressed at an election." *Fike* v *State of Ohio,* 4 C. C. (N. S.), 81.

Had no notice been published this would not have invalidated the election, where knowledge of the purpose of the same was brought home to the great body of the electors and they participated in the election.

Our conclusion is that the electors of this school district had full knowledge that the question before them at the election in question was the authorization of an extra levy of one-half mill for local school purposes; that considerably more than a majority voted in favor of such levy; that the election was authorized under the aforesaid resolution and Section 5649-4 *et seq.,* General Code, and that a majority vote was sufficient to authorize the levy.

The injunction prayed for is therefore denied.

*Injunction denied.*

CUSHING and HAMILTON, JJ., concur.