THE STATE, EX REL. VROOMAN, v. KAUFFMAN, CLERK.

*Mandamus—Judicial notice—Date and time when writ denied and judgment thereafter reversed—Municipal charter amendment—Mandamus to compel clerk to mail copies to electors—Sections 8 and 9, Article XVIII, Ohio Constitution—Section 5, Article 18, City of Lakewood charter —Writ denied where portion of 30 days prior to election expired—"Substantial compliance" defined—Mandamus lies only where there is plain dereliction of duty—Constitution and city charter strictly construed when language unambiguous and certain.*

1. Court of Appeals takes judicial notice of its decision denying mandamus, and also that Supreme Court on named date and time decided matter to the contrary.
2. Where, under Article XVIII, Sections 8 and 9, and Charter of City of Lakewood, Article 18, Section 5, subd. 3, clerk was required to mail electors copy of proposed char-

ter amendment not less than 30 days prior to election, petition for mandamus, filed October 7, to compel mailing of copies for vote on November 2, will not be granted.

3. "Substantial performance" is a legal conclusion from facts which differ from other state of facts flowing from same obligation only in such trivial sense that difference is immaterial.

4. Mandamus lies only where there is plain dereliction of duty, but never to control discretion.

5. Where language of Constitution and city charter is not ambiguous or uncertain, words themselves constitute best interpretation, and must be strictly construed.

(Decided October 13, 1926.)

IN MANDAMUS.

*Messrs. Davis, Young & Vrooman,* for plaintiff.
*Mr. William L. David,* for defendant.

SULLIVAN, J. The point to be decided in this cause is whether a demurrer filed to the amended petition should be sustained or overruled. In other words, under the allegations of the amended petition, is the plaintiff entitled to the relief prayed for, which is that a writ of mandamus issue against the respondent, the clerk of the council of the city of Lakewood, Ohio, requiring him substantially to perform the duties imposed upon him by Sections 8 and 9, Article XVIII, of the Constitution of Ohio, and Section 5, Article 18, of the charter of the city of Lakewood, requiring that he mail a copy of the proposed amendment to the charter of the city of Lakewood to each elector whose name appears upon the registration list or ballot book of the last municipal or general election, and that he may be

granted such other relief as the court may deem just and proper?

Sections 8 and 9, Article XVIII, of the Constitution of Ohio, contain the following provisions: "Section 8. * * * Not less than thirty days prior to such election the clerk of the municipality shall mail a copy of the proposed charter to each elector whose name appears upon the poll or registration books of the last regular or general election held therein.

"Section 9. * * * And copies of proposed amendments shall be mailed to the electors as hereinbefore provided for copies of a proposed charter."

Section 5, paragraph 3, Article 18, of the Lakewood City Charter, contains a similar provision: "Not less than thirty (30) days prior to such election the clerk of the council shall mail a copy of the proposed amendment to each elector whose name appears upon the registration books of the last regular municipal or general election."

It appears from the allegations of the petition that on August 23, 1926, the city council of Lakewood passed an ordinance requiring the board of deputy state supervisors and inspectors of elections for Cuyahoga county to place upon the ballot for adoption or rejection by the electors of that city, at a special election to be held November 2, 1926, a certain amendment to the charter of the city for the institution of what is known as the "manager plan of city government," under a certain ordinance duly passed, and the time of the enactment of said ordinance was not less than 60, nor more than 120, days prior to November 2, 1926, the date of the special, as well as the general, election.

In the consideration of the question here at issue, the court takes judicial notice that on September 27, 1926, this court, in a certain proceeding to prevent the holding of the special election on November 2, 1926, decided that under the Constitution and laws a writ of mandamus would not lie to compel the board of deputy state supervisors and inspectors of elections to place the amendment on the ballot on November 2d, the date of the general election, and it further takes judicial notice that in said cause the Supreme Court, on October 1, 1926, 31 days before the election, granted a motion to certify, and on the same day, at 4 o'clock p. m., decided, contrary to the views of this court, by a four to three vote, that the relator was entitled to the writ compelling the board to place the amendment upon the ballot November 2d.

Under the sections above quoted, it will be noted that the constitutional and charter provisions specify that the copies of the proposed amendments shall be mailed, not less than 30 days prior to such election, to each elector whose name appears upon the ballot or registration books of the last general or regular election.

Taking judicial notice of the actions and the conflicting decisions of this court and the Supreme Court bears conclusively upon the question whether the respondent, the clerk of council, was derelict in his official duty, or whether, under the conflicting status of the situation, arising from the pending litigation and the refusal of the board of deputy state supervisors and inspectors of elections to place the amendment upon the ballot, the clerk was justified and excused from performing the duty en-

joined by the charter and Constitution with respect to the mailing of copies to each and all of the electors. It appears clear that in such state of confusion the performance of the duty enjoined by the Constitution and charter must be considered as of October 1, 1926, at 4:00 p. m., the date and time of the decision of the Supreme Court, which made clear to the respondent that then and thereupon the performance of his duty was compulsory, providing it was physically possible subsequent to the decision of the Supreme Court to comply with the constitutional and charter provisions relative to mailing to all of the electors a copy of the proposed amendments to be submitted on November 2, 1926. From the very nature of the case, apparent from the allegations of the petition, it was impossible, beginning with October 1, 1926, at 4:00 p. m., to comply with the specific requirement as to notice, but, inasmuch as the petition itself for the writ of mandamus was not filed in this court until the 5th day of October, 1926, and the amended petition not until October 7, 1926, a legal status was created that made it impossible for the clerk of the council to have performed his duty under the Constitution, even though under an order of court in the form of a peremptory writ of mandamus. Therefore it is clear and unequivocal that this court, subsequent to the dates of filing the petition and the amended petition, could not compel the clerk of the council to obey the injunction of the city charter or state Constitution, because a substantial portion of the 30 days prior to the election had already expired, and obviously the copies of the amendments could not have been, and cannot now be, mailed to the

electorate not less than 30 days prior to the election.

It is conceded by both relator and respondent that the time has gone by for obedience to the specific language of the charter and the Constitution, but the relator insists that, notwithstanding the anomaly, a writ should issue to compel, in the language of the prayer of the amended petition, the substantial performance of the duties specifically enjoined upon respondent under the Constitution and charter.

This court is unanimously of the opinion that a writ of mandamus, in a case like the one at bar, may not be issued to compel the substantial performance of a duty which is not enjoined by the Constitution, the charter, or the statutes. There is no duty obligating the respondent substantially to comply with the specific provisions of the Constitution. The Constitution imposes a specific time, and it will be noted that it does not say within 30 days, but its language is in the form of a negation, absolute and unambiguous, that the copies of the amendments shall be mailed not less than 30 days.

Again, by what manner or method, in a mandamus case involving the principle of extraordinary remedy and prerogative, can a court compel substantial performance or compliance with a Constitution that is specific? Certainly it cannot assume legislative powers, and it is obvious that the court has no discretion. Again, how can the court determine what is substantial compliance without all the facts with respect to the performance appearing in some manner before the court? How is it

possible to determine such a question in advance of the circumstances and facts constituting the elements of substantial performance? There are no facts alleged in the record upon which the court could act to determine whether the conduct of the respondent, as to the future mailing of the copies, would be a substantial compliance with the specific provision of the Constitution. In other words, substantial compliance can have reference, not to things which are to be anticipated, but only to those matters which have already transpired, so that the court can speak judicially and determine whether those acts were a substantial compliance with the provisions of law.

Substantial performance is a legal conclusion, derivable from a given state of facts which differs from another state of facts flowing from the letter of the obligation only in such a trivial sense that the difference between the two is immaterial. But this substantial similarity of facts can be determined, not by conjecture and anticipation, but only by actual performances. The prayer of the petition, based upon the allegations, asks the court to anticipate facts not yet in existence. This is *reductio ad absurdum*. These anticipatory facts, if applied to an election already had, would assist the court in determining their effect upon the election, and thus the court could reach the legal conclusion known as substantial compliance. In other words, the question of noncompliance with the Constitution as to 30 days notice to the electors could be weighed in connection with the validity of the election.

We think the relator has misconceived the princi-

ple and theory of the doctrine of "substantial compliance," and, under the status of the amended petition, we find no precedent upon which could be founded a prayer in a case for a peremptory writ of mandamus such as appears in the instant case. Confessedly the prayer, by a plea for substantial compliance only, admits the infirmity of the court to compel obedience to a constitutional duty under specific provisions.

It is a well-settled proposition that a court cannot compel the performance of a public duty on the part of a public officer when the question is discretionary with him. Inasmuch as the clerk cannot now follow the injunction of the Constitution, does it not become a question of discretion and judgment with him as to whether, notwithstanding the mandate of the Constitution, he should become a law unto himself, and, notwithstanding the incurring of a substantial financial obligation to the city of Lakewood, mail the copies of the amendments by the exercise of his own judgment? Is not the prayer of the petition as to substantial compliance equivalent to an acknowledgment that the time named in the Constitution having gone by the question of mailing is a matter of mere discretion and judgment with the clerk, and is it not clear that under such a situation the issuance of the writ prayed for, in the absence of lawful provision, would be a compulsion of the exercise of his discretion and judgment?

The court cannot grant new powers to the clerk as to mailing the notices, repugnant to the specific mandate of the Constitution. It cannot legislate. To grant a peremptory writ of mandamus for sub-

stantial compliance, in the face of constitutional method, would establish the precedent that hereafter clerks of city councils may regard this specific clause of the Constitution as immaterial and substitute therefor their own discretion as to mailing notices to electors any time before the day of election.

As bearing upon this phase of the case, we quote Section 7, on page 11 of the third edition of High's Extraordinary Legal Remedies, as follows:

"An important feature of the writ of mandamus, and one which distinguishes it from many other remedial writs, is that it is used merely to compel action and to coerce the performance of a pre-existing duty. In no case does it have the effect of creating any new authority, or of conferring power which did not previously exist, its proper function being to set in motion and to compel action with reference to previously existing and clearly defined duties. It is therefore in no sense a creative remedy, and it is used only to compel persons to act when it is their plain duty to act without its agency. And it follows, necessarily, that the writ will not go to command the performance of an act which would be unauthorized or unlawful in the absence of the writ."

It is also well to note the character of a writ of mandamus. Section 12283 of the General Code defines it as follows: "Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially

enjoins as a duty resulting from an office, trust, or station.''

Our Supreme Court and other courts have spoken fully upon the nature of mandamus, and it is well settled that the writ will not lie to compel a general course of official conduct. *State ex rel.* v. *Murphy, Supt. of Police,* 3 C. C., 332, 2 C. D., 190.

Mandamus cannot be used to control discretion, and will only lie where there is a plain dereliction of duty. It can never be invoked to control discretion. *State ex rel.* v. *Commissioners,* 36 Ohio St., 326, 331.

In the case at bar, to issue a writ for substantial compliance under the allegations of the petition, and the prayer thereof, in its final analysis is reduced to an exercise by respondent of his judgment and discretion, irrespective of the specific provisions of the Constitution. Thus the court would have no power to issue a writ. While it is true there is no discretion in the Constitution or charter with respect to the question under discussion, yet, under the prayer of the petition for substantial compliance, it is not an extreme view to say that the relator has transformed the case from one of specific constitutional duty to one of discretion and judgment to be exercised by the respondent. *State ex rel.* v. *Moore,* 42 Ohio St., 103.

The language of the Constitution and charter is not ambiguous or uncertain. The words themselves constitute its best interpretation. They must be strictly construed under the well-established rules of construction, and, while the provisions of the Constitution are reasonably elastic in their

nature and their interpretation, yet the rules of law do not permit that violence to its provisions which substitutes the judgment of a public official for its specific and express terms. The words "not less than" have been passed upon by our courts, and we find, in our examination of the cases, that they sustain the views herein expressed. We quote some of the authorities as follows:

"When so many 'clear days,' or so many days 'at least,' are given to do an act, or 'not less than' so many days must intervene, both the terminal days are excluded." Gregg's Estate, 213 Pa., 260, 62 A., 856.

Act April 4, 1870 [P. L. 834], provides that county commissioners, before contracting for the erection of any buildings, shall by advertisement invite sealed proposals according to specifications kept open for the inspection of all persons for at least four weeks before the time appointed for opening the proposals. Held, that the phrase "not less than four weeks" means at least four weeks, and the four weeks during which the advertisement must be published or the same four weeks during which the specifications must be of record. *Commonwealth ex rel.* v. *Brown,* 210 Pa., 29, 59 A., 479.

"Not less," as used in the uniformity of process act (2 Wm. IV, c. 39, Section 3), directing that every writ of distringas shall be made returnable on some day in term, "not being less than 15 days after the teste thereof," means that 15 clear days must elapse between the teste and the return of the writ. *Chambers* v. *Smith,* 12 Mees. & W., 2, 152 Eng. Rep. R., 1085.

*State ex rel. Vail v. Fulton, Secy. of State,* 97 Ohio St., 325, 120 N. E., 140, we think is applicable authority for the sustaining of the demurrer in this case, and we think is in concord with the reasoning of our views herein expressed. We quote from the case:

"The court, being fully advised in the premises, find that, under the provisions of Section 1*g* of Article II of the Constitution of Ohio, the insufficiency of a referendum petition and signatures thereon must be proven not later than forty days before the election at which such referendum is to be submitted, that the relator's petition was not filed in this court until the day preceding the last day limited by the Constitution for making such proofs, and that issue was not joined and the cause not submitted to this court until after the expiration of such time.

"That by reason of this constitutional limitation as to the time, and the fact that relator's petition was not filed until the day preceding the last day limited by the Constitution for making such proofs, and the further fact that issue was not joined and this cause was not submitted until after the expiration of the time fixed by the Constitution, the issuing of a peremptory writ of mandamus by this court would afford relator no relief, the respondent could not comply therewith, and this court would be powerless to enforce obedience thereto, and for these reasons a peremptory writ is refused, and the relator's petition dismissed, without consideration or adjudication by this court of the constitutionality of Section 5175-29*i*, General Code (106 O. L., 295), or any

of the further questions presented by the pleadings in this case. Petition dismissed.''

The relator cites *State ex rel.* v. *Hildebrant,* 93 Ohio St., 1, 112 N. E., 138, but we do not think that case is applicable to the case at bar, on account of the absence of a constitutional limitation upon the time fixed for the secretary of state to prepare arguments for and against the proposed amendment to the Constitution. In the case at bar an absolute and mandatory time is fixed.

We do not think the following cases cited to sustain the contention of relator applicable: *Rogers* v. *Board of Education,* 18 Ohio App., 495, 505; *In re South Charleston Election Contest,* 3 N. P., (N. S.), 373, 50 W. L. B., 173; *Kennedy* v. *New Holland,* 52 W. L. B., 415, 5 O. L. R., 48; *Harpster* v. *Brower,* 5 C. C., 395, 3 C. D., 194; *Jackson* v. *City of Washington,* 3 N. P. (N. S.), 453; *State, ex rel.,* v. *Village of McClure,* 5 N. P. (N. S.), 541, 52 W. L. B., 547.

In these cases elections had actually taken place. There had been a failure of constitutional notice, and there was a finding that, notwithstanding irregular notices, the result of the election was not materially affected. If the points in the case at bar were considered subsequent to election, the claim of substantial compliance might be founded on some merit, because then the court might be able to determine the question of substantial performance, because all the facts and circumstances as they affected the election might be considered by the court in order to determine whether the result thereof would have been different in a material sense.

To grant the writ as prayed for, the grounds therefor should be clear, convincing, and unequivocal, and, in our united judgment, the plaintiff is not entitled to the relief because of the absence of these requirements.

Holding these views, it is the unanimous opinion of the court that the allegations of the petition do not state a cause of action for the relief prayed for. Therefore, the demurrer is sustained.

*Demurrer sustained.*

LEVINE, P. J., and VICKERY, J., concur.