McNAMARA, AUDITOR, APPELLEE, *v.* KINNEY, COMMR., APPELLANT.

(No. 81-1178—Decided May 12, 1982.)

*Mr. Anthony C. Pizza,* prosecuting attorney, and *Mr. Nick Batt,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. James C. Sauer,* for appellant.

KRUPANSKY, J.   The sole question for this court in reviewing a decision of the BTA is whether that decision was unreasonable or unlawful. See R. C. 5717.04. In the instant action, in order to make this determination we must first ascertain whether, for the purpose of R. C. 319.301, three mills of the five mill levy approved by the Jerusalem Township electorate in November of 1980 constitutes a renewal of an existing tax levy or whether the entire five mills is a totally new and additional tax levy. For the following reasons we conclude this five mill levy is a new and additional levy, and therefore, we affirm the decision of the BTA.

R. C. 319.301, as in effect February 28, 1980, provided in pertinent part:

"(A) With respect to each tax authorized to be levied by each taxing district, * * * the commissioner of tax equalization, annually, shall:

"(1) Determine by what percent the sums levied by such tax against real property would have to be reduced for the tax to levy the same number of dollars in the current year, exclusive of the sums levied against improvements added to the tax list since the preceding tax year, as were charged against all real property in the district by such tax in the preceding year subsequent to the reduction made under this division but before the reduction made under division (B) of this section. *In the case of a tax levied for the first time and that is not a renewal of an existing tax,* the commissioner shall determine by what percent the sums that would otherwise be levied by such tax against real property would have to be reduced to equal the amount that would be levied if the full rate thereof were imposed against the total taxable value of real property in the district in the preceding tax year, plus the total taxable value of all improvements added to the tax list since the preceding tax year. A tax or portion of a tax that is designated a replacement levy under section 3311.21 of the Revised Code is not a renewal of an existing tax for purposes of this division." (Emphasis added.)

The appellant's position as to the application of R. C. 319.301 to the levy at issue is presented in his final determination entry where he states:

"The 3 mills levied in 1979 by Jerusalem Township for fire purposes was first levied in 1975. This 3 mills was, in effect, renewed in 1980, and it continues to be the very same levy as the 1975 original levy; it is levied for the same purposes. The additional two mills is an 'additional' levy and it is a tax that was 'levied for the first time' in 1980. The 3 mills that was renewed in 1980 must receive the tax reduction factor applied to the original 3 mill levy. The 2 mills additional will receive the tax reduction factor for 'new' 1980 levies. * * * "

A review of the relevant facts and statutory authority reveals several reasons we are unable to accept appellant's conclusion. R. C. 5705.25 governing the form of ballots states in part:

"*The form of the ballots* cast at such election *shall be:*

" '*An additional tax* for the benefit of (name of subdivision) . . . . . . for the purpose of (purpose stated in the resolution) . . . . . . at a rate not exceeding . . . . . . mills for each one dollar of valuation, which amounts to (rate expressed in dollars and cents) . . . . . . for each one hundred dollars of valuation, for . . . . . . (life of indebtedness or number of years the levy is to run).'
" * * *

"If the levy submitted is a proposal to renew, replace, increase, or decrease an existing levy, the form of the ballot specified in this section *may be changed by substituting for the* words '*An additional*' at the beginning of the form; *the words* '*A renewal of a,*' *in case of a proposal to renew an existing levy in the same amount; the words* '*A replacement of a*' *in the case of a proposal to replace an existing levy in the same amount; the words* '*A renewal of* . . . . . . *mills and an increase of* . . . . . . *mills to constitute a*' *or* '*A replacement of* . . . . . . *mills and an increase of* . . . . . . *mills to constitute a*' *in the case of an increase;* the words 'A renewal of part of an existing levy, being a reduction of . . . . . . mills, to constitute a' in the case of a decrease in the proposed levy; or the words 'A replacement of part of an existing levy, being a reduction of . . . . . . mills, to constitute a' in the case of a replacement of only a part of an existing levy.

"The question covered by such resolution shall be submitted as a separate proposition, but may be printed on the same ballot with any other proposition submitted at the same election, other than the election of officers. More than one such question may be submitted at the same election." (Emphasis added.)

Admittedly, R. C. 5705.25 provides only "the form of the ballot * * * *may* be changed" from "an additional tax" if the levy submitted is a proposal to renew, replace, increase or decrease an existing levy. The facts of the instant action, however, make it *significant this levy was presented to the voters as an "additional tax."* As previously indicated, the Jerusalem Township Trustees initially voted to propose a "renewal" of the two expired levies amounting to three mills. Subsequently, this proposal was withdrawn and "an *additional tax* of 5 mills" was proposed. From the sequence of events it is logical to surmise the trustees evaluated the situation and concluded a mere renewal of the two expired levies would produce an insufficient amount of revenue to maintain the township's fire protection facilities. The alternative, which the trustees adopted, was to propose an additional levy in an amount sufficient to satisfy the township's fire protection needs. It is reasonable to assume the electorate was cognizant of the import of voting for an *"additional tax of 5 mills."* It is not as if the electorate of Jerusalem Township was confronted with ambiguous ballot language, capable of varying constructions. Instead, the voters, conscious of the need for additional revenue to maintain the township's fire protection system, *adopted a proposed additional five mill levy* to remedy the inadequacy.

In *Rogers* v. *Bd. of Edn.* (1923), 18 Ohio App. 493, 505, the Court of Appeals for Hamilton County, quoting *Fike* v. *State* (1903), 4 C. C. (N.S.) 81, stated:

" 'Election laws are to be construed liberally so as to preserve, if possible, and not defeat the choice of the people as expressed at an election.' "

Therefore, recognizing the doctrine announced in *Rogers* and *Fike* and giving effect to the intent of the voters in approving this proposal, we find the levy at issue to be an entirely new levy which requires the application of 1980 tax reduction factors.

The propriety of our conclusion is substantiated by two other considerations. Firstly, were this court to accept appellant's construction of this levy we would, in effect, be declaring that a tax proposed for the same purpose as an existing tax could never be treated as a "new" tax, even if that were the clear intent of the drafters of the proposal, as well as the electorate. There is nothing to support such an anomalous stance. Secondly, the very language of R. C. 5705.25 does not sanction the combination of two or more levies within a single proposal.* Therefore, the appellant's suggested option is totally without authority. The BTA's decision is neither unreasonable nor unlawful.

For the foregoing reasons, the decision of the board is affirmed.

*Decision affirmed.*

W. BROWN, Acting C. J., KEEFE, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

KEEFE, J., of the First Appellate District, sitting for CELEBREZZE, C. J.

---

* The ballot language contained in R. C. 5705.25 is *singular* as opposed to plural in nature, *i.e.,* it speaks in terms of the proposal of "a tax." Adopting the position asserted by the appellant, however, would require this court to approve ballot language which seeks passage of two levies within one proposal, viz., the renewal of a three mill levy and the passage of a new additional two mill levy. This combination of two or more levies within a single proposal for submission to the electorate is prohibited by R. C. 5705.25, and therefore, this court is without authority to sanction such action.