[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 394]

WEATHERSFIELD TOWNSHIP, APPELLANT, *v*. TRUMBULL COUNTY BUDGET COMMISSION, APPELLEE.

[Cite as *Weathersfield Twp. v. Trumbull Cty. Budget Comm.*, 1994-Ohio-27.]

*Taxation—Disputes by taxing authorities over incorrect listings of property are appealable to the county board of revision—County budget commission does not have subject-matter jurisdiction to correct listing of annexed parcels to be taxed.*

(No. 93-725—Submitted March 29, 1994—Decided May 25, 1994.)

APPEAL from the Board of Tax Appeals, Nos. 90-A-1645 and 91-A-1669.

———————————

{¶ 1} Weathersfield Township, appellant, contests the Board of Tax Appeals' ("BTA's") dismissal of Weathersfield's appeals from the Trumbull County Budget Commission's, appellee's, orders approving millage rates.

{¶ 2} On September 6, 1974, the Trumbull County Board of Commissioners separated the city of Niles from Weathersfield Township. Since then, several parcels have been annexed to Niles from Weathersfield. However, the board has not approved any boundary adjustments for Weathersfield, as required by R.C. Chapter 503. Moreover, Trumbull County has not levied, assessed, or collected any taxes on this property for Weathersfield according to Weathersfield's approved tax rates.

{¶ 3} On December 13, 1990, the budget commission approved tax rates for the tax year 1990 for the taxing districts of Trumbull County, including Weathersfield. On December 9, 1991, the commission performed the same task for tax year 1991. Weathersfield appealed both these actions to the BTA, and the BTA consolidated the appeals. Weathersfield claimed that the approved rates did not include amounts to be collected from the annexed parcels because the county did

not assess Weathersfield's mandated inside and voted outside millage against these parcels.

{¶ 4} On the budget commission's motion, the BTA dismissed both appeals, reasoning that Weathersfield had not named overlapping subdivisions whose tax rates would be affected by the appeal, and finding, consequently, that Weathersfield had not named parties necessary to the appeal.

{¶ 5} This cause is before this court upon an appeal as a matter of right.

_____

*James A. Tadla* and *Daniel P. Daniluk*, for appellant.

*Dennis Watkins*, Trumbull County Prosecuting Attorney, *James J. Misocky* and *Patrick F. McCarthy*, Assistant Prosecuting Attorneys, for appellee.

_____

**Per Curiam.**

{¶ 6} Weathersfield complains that the county did not levy, assess, or collect taxes on property within its subdivision.  However, the budget commission does not levy, assess, or collect taxes; it approves budgets and rates and allocates funds.  In fact, its estimates, under R.C. 5705.27, are governed by the amount of taxable property shown on the county auditor's tax list for the current year.  This list itemizes parcels, their owners, their values, and the taxing districts in which the parcels are located.  R.C. 319.28

{¶ 7} Disputes by taxing authorities over incorrect listings of property are appealable to the county board of revision.  *State ex rel. Rolling Hills Local School Dist. Bd. of Edn. v. Brown* (1992), 63 Ohio St.3d 520, 589 N.E. 2d 1265.  Thus, the budget commission does not have subject-matter jurisdiction over the relief sought by Weathersfield, the correct listing of annexed parcels to be taxed.  Since parties cannot waive subject-matter jurisdiction, *Shawnee Twp. v. Allen Cty. Budget Comm.* (1991), 58 Ohio St.3d 14, 567 N.E. 2d 1007, we dismiss this appeal, *sua sponte*.

*Appeal dismissed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____