OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Board of Education of Springfield Local School District et al.,
Appellants, v. Lucas County Budget Commission et al., Appellees.
[Cite as Springfield Local School Dist. Bd. of Edn. v. Lucas
Cty. Budget Comm. (1994),        Ohio St.3d        .
Taxation -- Real property -- County budget commission must
     comply with tax reduction factors certified by Tax
     Commissioner -- Political subdivision cannot attack tax
     reduction factor in an appeal from a budget commission's
     action that certified estimated resources based, in part,
     on the reduction factors.
     (No. 93-1554 -- Submitted October 11, 1994 -- Decided
December 14, 1994.)
     Appeal from the Board of Tax Appeals, Nos. 90-G-87,
90-G-401, 91-G-26 and 91-G-293.
     The Board of Education of the Springfield Local School
District and Robert W. Moellenberg, its treasurer, appellants
("Springfield") seek recalculation of the tax reduction factors
that were applied to parcels of land in its taxing district for
budget years 1990 and 1991.
     The Tax Commissioner, an appellee, calculated the tax
reduction factors under R.C. 319.301 and certified them to the
Lucas County Auditor, an appellee.  The auditor, pursuant to
R.C. 319.301, reduced the amount to be levied by the taxes
against each parcel of real property in the district according
to the certified factors and entered the amounts on the tax
list and duplicate.  The auditor made his tax list available to
the Lucas County Budget Commission, the final appellee, which
issued certificates of estimated tax rates and resources to
Springfield based on this list, pursuant to R.C. 5705.34 and
5705.35.
     During this period, land developers platted several
parcels of land in Springfield's district to create smaller
parcels.  The developers also extended roads and utilities to
the parcels.  As a result, the value of the land increased.
     The commissioner directed the auditor to include the value
of these roads and utilities as new construction in calculating
the reduction factor.  Springfield does not dispute this
treatment.  The commissioner, however, directed the inclusion

of the rest of the increase in value for the land in "carryover property," under R.C. 319.301, which produced a higher tax reduction factor.

Springfield appealed from the issuance of certificates of estimated tax rates and resources by the budget commission to the Board of Tax Appeals ("BTA") pursuant to R.C. 5705.37 to force the commissioner to remove these values from the carryover property and, thus, from the calculations, which would decrease the reduction factor. The effect of this would be to increase the amount of taxes levied in Springfield. Springfield named as appellees the budget commission, the Lucas County Auditor, and the commissioner. It prayed that the BTA (1) order the auditor to amend the abstracts of taxable values to reflect that this increased land value was not carryover property, (2) direct the commissioner to recalculate and certify reduction factors reflecting this change, (3) direct the auditor to recompute and submit to the Lucas County Budget Commission new certificates of estimated tax rates and resources based on the amended budget estimate.

The BTA denied a motion to dismiss the appeals and ultimately held that the increased values of the land due to platting were not due to "improvements" to the land within the meaning of R.C. 319.301(B)(2) and were properly entered as carryover property. Consequently, it affirmed the commission's actions in issuing the certificates.

This cause is before this court upon an appeal as a matter of right.

Bricker & Eckler, Nicholas A. Pittner, James P. Burnes and Mark A. Engel, for appellants.

Anthony G. Pizza, Lucas County Prosecuting Attorney, and Daniel J. McCormick, Assistant Prosecuting Attorney, for appellees Lucas County Budget Commission and Lucas County Auditor.

John D. Birmingham, for appellee Lucas County Auditor.

Lee Fisher, Attorney General, and Richard C. Farrin, Assistant Attorney General, for appellee Tax Commissioner.

Calfee, Halter & Griswold, Mitchell G. Blair, Thomas P. Pappas and John P. Susany, urging affirmance for amicus curiae, County Auditors' Association of Ohio.

Per Curiam. Appellees argue that the BTA is without authority to order the commissioner to modify tax reduction factors. Springfield replies that the court has no jurisdiction to consider this contention because appellees did not specify it in a notice of appeal.

The first question is whether the budget commission has authority to alter a reduction factor. If the commission did not, the BTA had no subject-matter jurisdiction in this case. Subject-matter jurisdiction cannot be waived. Weathersfield Twp. v. Trumbull Cty. Budget Comm. (1994), 69 Ohio St.3d 394, 632 N.E. 2d 1281. We can, thus, address this question despite its not being raised in a notice of appeal; indeed, we can raise it sua sponte. Id.

As to this question, the county auditor, under R.C. 5713.01, is the assessor of all real estate in his or her county. However, the commissioner has, under R.C. Chapter

5715, preeminent power in directing the assessment of real property for taxation. R.C. 5715.01. He reviews abstracts of real property, R.C. 5715.23 and 5715.24, and may order changes in them, R.C. 5715.25. He construes statutes affecting assessments of taxes, and his construction is binding on all officers. R.C. 5715.28. He also prescribes the rules necessary to assess real property. R.C. 5715.29.

In any event, R.C. 319.301 assigns to the commissioner the duty to calculate the tax reduction factor for each taxing district:

"(D) With respect to each tax authorized to be levied by each taxing district, the tax commissioner, annually, shall do both of the following:

"(1) Determine by what percentage, if any, the sums levied by such tax against the carryover property in each class would have to be reduced for the tax to levy the same number of dollars against such property in that class in the current year as were charged against such property by such tax in the preceding year subsequent to the reduction made under this section * * *.

"(2) Certify each percentage determined in division (D)(1) of this section and the class of property to which it applies to the auditor of each county in which the district has territory. The auditor, after complying with section 319.30 of the Revised Code, shall reduce the sum to be levied by such tax against each parcel of real property in the district by the percentage so certified for its class. * * *" (Emphasis added.)

After the certification to the auditor, the auditor can appeal the correctness of the reduction factor to the BTA. R.C. 5717.02; McNamara v. Kinney (1982), 70 Ohio St.2d 63, 24 O.O. 3d 118, 434 N.E. 2d 1098.

Under R.C. 319.30, the auditor determines the sums to be levied upon each tract and lot of real property, reducing the sum to be levied according to R.C. 319.301(D)(2), and enters this on the tax list and duplicate. The auditor then certifies, under R.C. 319.28, the duplicate to the county treasurer, who, under R.C. 323.13, prepares and mails tax bills to each person charged on the duplicate with taxes. The amount of taxable property shown on the auditor's tax list governs the budget commission in adjusting rates of taxation and fixing the amounts of taxes to be levied. R.C. 5705.27.

Thus, these statutes compel the auditor to apply to the parcels on the county's tax list the reduction factor certified to him by the commissioner, and the budget commission to base the certificates of estimated resources on the tax list transmitted to the commission by the auditor. Consequently, the budget commission did not have authority over the tax reduction factor, and Springfield cannot attack the reduction factor in an appeal from a budget commission's action that certified estimated resources based, in part, on the reduction factors. Weathersfield Twp. v. Trumbull Cty. Budget Comm., supra.

The BTA, in denying the motions to dismiss, relied on State ex rel. Middletown Bd. of Edn. v. Butler Cty. Budget Comm. (1987), 31 Ohio St.3d 251, 31 OBR 455, 510 N.E. 2d 383. In Middletown, two school boards had filed annual budgets with the county budget commission, and the commission certified both

estimated budgets.  Thereafter, the county auditor received recalculated tax reduction factors from the department of taxation, which prompted the auditor to determine that the school districts would be receiving substantially more than the school boards had requested in their budgets.  Consequently, the commission reduced the rates so that the levies would not generate any more than the amount of the submitted budgets. The school boards filed a mandamus complaint to compel the auditor and the commission to levy the full amount of the taxes.  We denied the writ because the school boards had an adequate remedy at law, an appeal from the budget commission action under R.C. 5705.37.

However, Middletown does not apply in this case.  In Middletown, the parties did not contest the reduction factor; they contested how the budget commission dealt with the recalculated reduction factor.  In this case, the school board is attacking the reduction factor by appealing from the budget commission's action.  Springfield here contests the commissioner's action in calculating the reduction factor, not the budget commission's action in dealing with a changed factor.  Under the statutes cited above, the commission here, and in Middletown, had no control over the calculation of the reduction factors.  Therefore, the BTA should have dismissed the appeal.

Furthermore, the BTA had ruled, in Willoughby Hills v. Budget Comm. of Lake Cty. (Aug. 22, 1985), BTA No. 82-A-84, unreported, that a budget commission must comply with the reductions factors certified by the commissioner and that a political subdivision could not complain about a commission action that did so comply.  The BTA recognized the appeal in that case as an indirect attack on the commissioner's action in calculating the factor, which the BTA refused, there, to allow.  That case correctly resolved this situation.

Accordingly, we vacate the decision of the BTA.

Decision vacated.

Moyer, C.J., A.W. Sweeney, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas, J., not participating.