BOARD OF EDUCATION OF SPRINGFIELD LOCAL SCHOOL
DISTRICT ET AL., APPELLANTS, *v.* LUCAS COUNTY
BUDGET COMMISSION ET AL., APPELLEES.

[Cite as *Springfield Local School Dist. Bd. of Edn. v. Lucas
Cty. Budget Comm.* (1994), 71 Ohio St.3d 120.]

(No. 93–1554—Submitted October 11, 1994—Decided December 14, 1994.)

*Bricker & Eckler, Nicholas A. Pittner, James P. Burnes* and *Mark A. Engel,* for appellants.

*Anthony G. Pizza,* Lucas County Prosecuting Attorney, and *Daniel J. McCormick,* Assistant Prosecuting Attorney, for appellees Lucas County Budget Commission and Lucas County Auditor.

*John D. Birmingham,* for appellee Lucas County Auditor.

*Lee Fisher,* Attorney General, and *Richard C. Farrin,* Assistant Attorney General, for appellee Tax Commissioner.

*Calfee, Halter & Griswold, Mitchell G. Blair, Thomas P. Pappas* and *John P. Susany,* urging affirmance for *amicus curiae,* County Auditors' Association of Ohio.

---

*Per Curiam.* Appellees argue that the BTA is without authority to order the commissioner to modify tax reduction factors. Springfield replies that the court has no jurisdiction to consider this contention because appellees did not specify it in a notice of appeal.

The first question is whether the budget commission has authority to alter a reduction factor. If the commission did not, the BTA had no subject-matter jurisdiction in this case. Subject-matter jurisdiction cannot be waived. *Weathersfield Twp. v. Trumbull Cty. Budget Comm.* (1994), 69 Ohio St.3d 394, 632 N.E.2d 1281. We can, thus, address this question despite its not being raised in a notice of appeal; indeed, we can raise it *sua sponte. Id.*

As to this question, the county auditor, under R.C. 5713.01, is the assessor of all real estate in his or her county. However, the commissioner has, under R.C. Chapter 5715, preeminent power in directing the assessment of real property for taxation. R.C. 5715.01. He reviews abstracts of real property, R.C. 5715.23 and 5715.24, and may order changes in them, R.C. 5715.25. He construes statutes affecting assessments of taxes, and his construction is binding on all officers. R.C. 5715.28. He also prescribes the rules necessary to assess real property. R.C. 5715.29.

In any event, R.C. 319.301 assigns to the commissioner the duty to calculate the tax reduction factor for each taxing district:

"(D) With respect to each tax authorized to be levied by each taxing district, the tax commissioner, annually, shall do both of the following:

"(1) Determine by what percentage, if any, the sums levied by such tax against the carryover property in each class would have to be reduced for the tax to levy the same number of dollars against such property in that class in the current year as were charged against such property by such tax in the preceding year subsequent to the reduction made under this section * * *.

"(2) Certify each percentage determined in division (D)(1) of this section and the class of property to which it applies to the auditor of each county in which the district has territory. *The auditor, after complying with section 319.30 of the Revised Code, shall reduce the sum to be levied by such tax against each parcel of real property in the district by the percentage so certified for its class. * * *"* (Emphasis added.)

After the certification to the auditor, the auditor can appeal the correctness of the reduction factor to the BTA. R.C. 5717.02; *McNamara v. Kinney* (1982), 70 Ohio St.2d 63, 24 O.O.3d 118, 434 N.E.2d 1098.

Under R.C. 319.30, the auditor determines the sums to be levied upon each tract and lot of real property, reducing the sum to be levied according to R.C. 319.301(D)(2), and enters this on the tax list and duplicate. The auditor then certifies, under R.C. 319.28, the duplicate to the county treasurer, who, under R.C. 323.13, prepares and mails tax bills to each person charged on the duplicate with taxes. The amount of taxable property shown on the auditor's tax list governs the budget commission in adjusting rates of taxation and fixing the amounts of taxes to be levied. R.C. 5705.27.

Thus, these statutes compel the auditor to apply to the parcels on the county's tax list the reduction factor certified to him by the commissioner, and the budget commission to base the certificates of estimated resources on the tax list transmitted to the commission by the auditor. Consequently, the budget commission did not have authority over the tax reduction factor, and Springfield

cannot attack the reduction factor in an appeal from a budget commission's action that certified estimated resources based, in part, on the reduction factors. *Weathersfield Twp. v. Trumbull Cty. Budget Comm., supra.*

The BTA, in denying the motions to dismiss, relied on *State ex rel. Middletown Bd. of Edn. v. Butler Cty. Budget Comm.* (1987), 31 Ohio St.3d 251, 31 OBR 455, 510 N.E.2d 383. In *Middletown,* two school boards had filed annual budgets with the county budget commission, and the commission certified both estimated budgets. Thereafter, the county auditor received recalculated tax reduction factors from the department of taxation, which prompted the auditor to determine that the school districts would be receiving substantially more than the school boards had requested in their budgets. Consequently, the commission reduced the rates so that the levies would not generate any more than the amount of the submitted budgets. The school boards filed a mandamus complaint to compel the auditor and the commission to levy the full amount of the taxes. We denied the writ because the school boards had an adequate remedy at law, an appeal from the budget commission action under R.C. 5705.37.

However, *Middletown* does not apply in this case. In *Middletown,* the parties did not contest the reduction factor; they contested how the budget commission dealt with the recalculated reduction factor. In this case, the school board is attacking the reduction factor by appealing from the budget commission's action. Springfield here contests the commissioner's action in calculating the reduction factor, not the budget commission's action in dealing with a changed factor. Under the statutes cited above, the commission here, and in *Middletown,* had no control over the calculation of the reduction factors. Therefore, the BTA should have dismissed the appeal.

Furthermore, the BTA had ruled, in *Willoughby Hills v. Budget Comm. of Lake Cty.* (Aug. 22, 1985), BTA No. 82–A–84, unreported, that a budget commission must comply with the reduction factors certified by the commissioner and that a political subdivision could not complain about a commission action that did so comply. The BTA recognized the appeal in that case as an indirect attack on the commissioner's action in calculating the factor, which the BTA refused, there, to allow. That case correctly resolved this situation.

Accordingly, we vacate the decision of the BTA.

*Decision vacated.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., not participating. .